IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| CHARLES JOSEPH FREITAG, JR., as Administrator of the ESTATE OF CHARLES JOSEPH FREITAG, SR., : : : : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 2:19-cv-05750-JMG |
| : | |
| BUCKS COUNTY, *et al.*, : | |
| Defendants. : | |

---

**ORDER DENYING PRIMECARE DEFENDANTS' MOTION TO DISMISS**

**AND NOW**, this 26th day of June, 2020, upon consideration of the Amended Complaint (Doc. 21), PrimeCare Defendants' Motion to Dismiss (Doc. 30), and Plaintiff's Response in Opposition to Defendants' Motion (Doc. 33), **IT IS HEREBY ORDERED THAT:**

Defendants' Motion to Dismiss is DENIED.[1]

---

[1]   PrimeCare, Stephan Brautigam, PMHNP, Jessica Mahoney, PSY. D., Avia James, LPC, and Christina Penge, LPC ("PrimeCare Defendants") move to dismiss Plaintiff's Eighth Amendment claims for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). An Eighth Amendment claim regarding prison suicide requires "(1) the individual had a particular vulnerability to suicide, meaning that there was a strong likelihood, rather than a mere possibility, that a suicide would be attempted; (2) the prison official knew or should have known of the individual's particular vulnerability; and (3) the official acted with reckless or deliberate indifference, meaning something beyond mere negligence, to the individual's particular vulnerability." Palakovic v. Wetzel, 854 F.3d 209, 223-24 (3d Cir. 2017). Regarding the last element, prison healthcare providers commit reckless or deliberate indifference by opting "for an easier and less efficacious treatment of the inmate's condition." Id. at 228. Plaintiff alleges Freitag's vulnerability to suicide by pleading his history of depression and attempted suicide. Compl. at ¶¶ 31-49. Plaintiff pleads the PrimeCare Defendants were aware of Mr. Freitag's vulnerability due to the results of his June 4, 2018 Intake Suicide Screening, multiple evaluations by PrimeCare professionals, and an e-mail from Mr. Freitag's lawyer to the warden. Compl. at ¶¶ 56-77. Lastly, Plaintiff sufficiently pleads PrimeCare Defendants acted with reckless or deliberate indifference by opting for the easier treatment of scheduling a follow-up evaluation one business day after Mr. Freitag's sentencing, allowing for a weekend without medical intervention. Compl. at ¶¶ 77-79. Assuming the Complaint's factual

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

allegations are true, as required at this stage, Plaintiff sufficiently pleads a plausible Eighth Amendment claim for relief.  Ashcroft v. Iqbal, 556 U.S. 1937, 1949 (2009).

PrimeCare also moves to dismiss Plaintiff's Eighth Amendment claim against it as improper.  A municipal actor, or private entity performing a municipal function, can only be liable for a § 1983 claim arising from its own policy, custom, or practice, not via *respondeat superior*.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978).  To plead a § 1983 claim against such an actor, the complaint must establish the actor's practice caused the claimed injuries.  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  In this case, Plaintiff pleads PrimeCare knew the sentencing proceeding was a stressor event and decided not to evaluate Freitag until three days after the sentencing, causing his suicide.  Compl. at ¶¶ 4, 77, 79, 82, 88, 100, 105, 109.  Those factual allegations plausibly support that PrimeCare had a policy or custom causing Freitag's delayed evaluation, which led to the alleged Eighth Amendment violation.