IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JOSEPH FREITAG, JR., as Administrator of the ESTATE OF CHARLES JOSEPH FREITAG, SR., | : : : | NO.: 2:19-cv-05750-JMG |
| Plaintiff | : : | CIVIL ACTION – LAW |
| v. | : : | JUDGE JOHN M. GALLAGHER |
| BUCKS COUNTY; PRIMECARE MEDICAL, INC.; STEPHAN BRAUTIGAM, PMHNP; JESSICA MAHONEY, PSY.D.; AVIA JAMES, LPC; CHRISTINA PENGE, LPC; CORRECTIONAL OFFICER MOODY; CORRECTIONAL OFFICER MURPHY; and CORRECTIONAL OFFICER YOUNG, | : : : : : : : : : | *Electronically Filed* |
| Defendants | : | JURY TRIAL DEMANDED |

**PRIMECARE DEFENDANTS' ANSWER WITH AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT (DOC. 21)**

AND NOW, come the Defendants PrimeCare Medical, Inc., Jessica Mahoney, Psy.D., and Christina Penge, LPC (referred to collectively as "PrimeCare Defendants"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, who file this Answer with Affirmative Defenses to Plaintiff's Amended Complaint (Doc. 21) by respectfully stating the following:

**I. PRELIMINARY STATEMENT**

1. – 11.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

## II. JURISDICTION

12. Admitted.

## III. PARTIES

13. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

14. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

15. The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

16. Admitted.

17. Stephen Brautigam, PMHNP, was dismissed via Order of July 23, 2021. (Doc. 66).

18. Admitted.

19. Avia James, LPC was dismissed via Order of July 23, 2021. (Doc. 66).

20. Admitted.

21. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

22. The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

23. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

24. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

### IV.  FACTUAL ALLEGATIONS

#### A.  Defendants' Knowledge of Suicide Risk Factors And Necessary Suicide Prevention Measures

25. – 29. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

#### B.  Mr. Freitag's Suicide Attempts, Arrest, Prosecution, and Conviction

30. – 55. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

#### C.  Mr. Freitag's Particular Vulnerability to Suicide While Incarcerated

56. – 81. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

### D.  Mr. Freitag's Sentencing, The Failure to Properly Monitor  
### Mr. Freitag's Cell, and Mr. Freitag's Suicide

82. – 100.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

### E.  Defendants' Violation of Mr. Freitag's Constitutional and  
### Federal Protected Rights and Relevant Standards of Care

101. – 116.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

## V.  WRONGFUL DEATH AND SURVIVAL ACTIONS

117. – 125.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

## VI.  CLAIMS FOR RELIEF

### COUNT 1

**Plaintiff v. Defendants Brautigam, Mahoney, James, Penge, Moody, Murphy, and Young Federal Constitutional Claims**

126.   Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

## COUNT 2

### Plaintiff v. Defendants Bucks County and PrimeCare
### Federal Constitutional Claims

127. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## COUNT 3

### Plaintiff v. Defendants Bucks County
### Title II, Americans with Disabilities Act, 42 U.S.C. §§12132

128. The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

## COUNT 4

### Plaintiff v. Defendants Brautigam, Mahoney, James, Penge, and PrimeCare
### State Law Negligence Claims

129. – 132. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

**WHEREFORE**, Defendants PrimeCare Medical, Inc., Jessica Mahoney, Psy.D., and Christina Penge, LPC respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. At all times material hereto, the PrimeCare Defendants provided medical treatment which conformed to the applicable standard of care.

3. Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

4. Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

5. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

6. Plaintiff's claims and/or alleged losses are barred by the applicable statute of limitations.

7. The alleged negligence and/or deliberate indifference of the PrimeCare Defendants did not cause Plaintiff and/or Charles Joseph Freitag, Sr. to suffer any injury.

8. Plaintiff's claims and/or alleged losses are limited or barred by the Pennsylvania Mental Health Procedures Act.

9. At no time were the constitutional rights of Plaintiff and/or Charles Joseph Freitag, Sr. violated.

10. At all times material hereto, the PrimeCare Defendants are immune from suit.

11. PrimeCare Medical, Inc.'s policies and procedures conform to national accreditation standards.

16. PrimeCare Medical, Inc. cannot be vicariously liable for the alleged unconstitutional acts of its employees

18. The healthcare providers who provided treatment to Charles Joseph Freitag, Sr. utilized their best professional judgment in evaluating and providing treatment.

19. Any alleged negligence on the part of the PrimeCare Defendants, which negligence is expressly denied, was not the factual cause of any harm suffered by Plaintiff and/or Charles Joseph Freitag, Sr..

20. Plaintiff cannot demonstrate any deficiencies in PrimeCare Medical, Inc.'s policies and procedures for the provision of medical care at the Bucks County Correctional Facility.

22. At all times material hereto, the practices of the PrimeCare Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public.

23. At no time material hereto did the PrimeCare Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

24. Plaintiff and/or Charles Joseph Freitag, Sr. did not suffer any injuries or damages as a result of any acts or omissions by the PrimeCare Defendants.

28. Merely negligent or careless conduct, which is expressly denied, on the part of the PrimeCare Defendants is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Defendants PrimeCare Medical, Inc., Jessica Mahoney, Psy.D., and Christina Penge, LPC respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

                                              Respectfully submitted,

                                              MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

                                 By:   *s/ John R. Ninosky*
                                              JOHN R. NINOSKY, ESQUIRE
                                              PA Attorney ID No. 78000
                                              100 Corporate Center Drive, Suite 201
                                              Camp Hill, PA  17011
                                              Telephone: (717) 651-3709
                                              Fax: (717) 651-3707
                                              jrninosky@mdwcg.com

Date:    December 23, 2021                 Attorney for PrimeCare Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of December 23, the foregoing *Answer with Affirmative Defenses to Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Jonathan H. Feinberg, Esquire
Kairys, Rudovsky, Epstein & Messing, LLP
Cast Iron Building, Suite 501 South
718 Arch Street
Philadelphia, PA  19106
jfeinberg@krlawphila.com
*Attorney for Plaintiff*

Jeffrey M. Kolansky, Esquire
Jeffrey M. Scott, Esquire
Archer & Greiner, P.C.
Three Logan Square, 35th Floor
1717 Arch Street
Philadelphia, PA  19103
jkolansky@archerlaw.com
jscott@archerlaw.com
*Attorneys for Bucks County Defendants*

Keith J. Bidlingmaier, Esquire
Assistant Solicitor
Bucks County Law Department
55 East Court Street
Doylestown, PA  18901
kjbidlingmaier@buckscounty.org
*Attorney for Bucks County and Corrections Officers Moody, Murphy, and Young*

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By: *s/ John R. Ninosky*
      John R. Ninosky