**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES JOSEPH FREITAG, Jr., as ADMINISTRATOR of the ESTATE OF CHARLES JOSEPH FREITAG, SR.,**<br><br>                    **Plaintiff,**<br>**vs.**<br><br>**COUNTY OF BUCKS, et al.**<br><br>                    **Defendants.** | **CIVIL ACTION**<br><br>**NO.  2:19-cv-05750** |

**DEFENDANTS COUNTY OF BUCKS AND  CORRECTIONAL OFFICERS MOODY,**
**MURPHY, AND YOUNG'S PRETRIAL MEMORANDUM**

Jeffrey M. Scott
jscott@archerlaw.com
Kerri E. Chewning, Esquire
kchewning@archerlaw.com
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-7393
(215) 963-3300
(215) 963-9999

Defendants County of Bucks and Correctional Officers Moody, Murphy, and Young ("County Defendants"), hereby file their Pretrial Memorandum.

## I.      Nature of Claims and Jurisdiction

Plaintiff brings a cause of action under 42 U.S.C. §1983 and allege that each individually named Bucks County correctional officer was deliberately indifferent to Freitag's serious medical needs.  The Plaintiff also brings a cause of action against the County of Bucks ("County") under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).  The Plaintiff brings a cause of action against PrimeCare, Inc. ("PCM"), the County's accredited medical provider under 42 U.S.C. §1983. Plaintiff further alleges that PCM deviated from the medically accepted practices under a state law negligence theory. The Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the medical malpractice claims pursuant to 28 U.S.C. § 1367.

## II.     Statement of Facts

On September 13, 2017, Charles Freitag ("Freitag") drove his truck through the exterior wall of Brenda Plocher, his ex-wife, and James Brennan's house. Freitag was arrested and charged with the following first-degree felony

> [Freitag] did attempt to cause serious bodily injury to another
> Brenda Plocher and James Brennan, or did cause such injury
> intentionally, knowingly or recklessly under circumstances
> manifesting extreme indifference to the value of human file, that is
> to say [Freitag] did drive a motor vehicle through at and through an
> occupied structure, 5 Martha Circle, Fallsington Pa, in violation of
> Section 2702(a)(1) of the PA Crimes Code. 18 Pa.C.S. 2702(a)(1)
> Felony 1st).

Freitag made bail and was released from custody pending his trial which commenced on June 4, 2018.  On June 4, 2018, a jury found Freitag guilty of aggravated assault.  The court revoked Freitag's bail and he was committed to the Bucks County Correctional Facility ("BCCF").

Upon Freitag's admission to BCCF, Nurse Sareigo, employed by co-defendant PCM conducted an "Intake Suicide Screening."[1]  Freitag was placed on a Level 2 Suicide Watch by PCM.  On June 5, 2018, PCM Defendant Jessica Mahoney, Psy.D, conducted a mental health intake on Freitag, and a suicide risk assessment Defendant Mahoney determined Freitag should remain on the level 2 watch.  Freitag submitted a sick call slip on June 5, 2018 with the notation of "feeling depression." Mr. Freitag was seen by the mental health department on June 6, 2018.

On June 6, 2018, PCM Defendant Avia James, LPC removed Freitag's level 2 watch status and stepped him down to a level 3 watch,  following a second suicide risk assessment. On June 8, 2018, PCM Defendant James removed Freitag from level 3 watch.  On July 31, 2018, Freitag's attorney emailed BCCF Deputy Warden Clifton Mitchell stating he was getting reports that Freitag "is not doing well incarcerated and has a history of suicide attempts." Deputy

---

[1] The County of Bucks entered a contractual arrangement with PrimeCare Medical, Inc. (PCM) in 2013, to provide comprehensive healthcare for inmates in the custody of the BCCF. As part of the agreement, PCM nursing personnel was on-site at BCCF 24-hours a day, seven days a week, 365 days a year.  PCM provided mental health services to BCCF inmates pursuant to a contract with Bucks County. Mental health personnel were also on call 24-hours a day, seven days a week, 365 days a year.  The National Commission on Correctional Health Care ("NCCHC") Accreditation accredited BCCF in 2017-"Standards for Health Services in Jails."

Warden Mitchell contacted Dr. Abbey Cassidy, the Director of Mental Health Services employed by PCM assigned to BCCF, and requested a mental health evaluation be conducted on Freitag.

On July 31, 2018, Freitag was placed on a Level III/regular watch by PCM Defendant James.[2]  From August 1 to August 17, Freitag had eight visits with mental health care employees.  He denied suicidal ideation on each occasion.  On seven of the visits, Freitag denied mental health concerns and mental health care employees noted that he appeared a low risk of self-harm.

Mr. Freitag was seen by PCM medical providers on August 1st, 3rd, 6th, 10th, 14th and 15th.  On August 17, 2018, seven days before Freitag's sentencing, PCM Defendant Penge removed Freitag from Level III/regular watch.  On August 22 and 23, Freitag had visits with mental health care employees.  He denied any mental health concerns and suicidal ideation on both visits, and mental health care employees noted that he appeared low risk for self-harm. Freitag was scheduled for a mental health appointment to occur on August 27, 2018.

On Friday, August 24, 2018, Freitag was sentenced to six to twelve years imprisonment, to be served in a State operated corrections facility.  At the request of Freitag's criminal counsel, Freitag returned to BCCF at approximately 3:20 pm.  When Freitag returned to BCCF he never requested medical attention, although he had done so in the past.

---

[2] A Level III/regular watch "is not used for suicide prevention, but reserved for the inmate whose behavior warrants closer observation."  Under Level 3, the assigned correctional officers are required to observe all inmates, including inmates on this level of watch, in staggered intervals not to exceed 30 minutes and log their observations.  On this level, an inmate monitor observes the inmate every fifteen minutes and logs their observations on an inmate monitor form.

At 3:52 pm, Lieutenant Ara Kimbrough emailed Deputy Warden Mitchell and others informing them of Freitag's sentence. In an abundance of caution, Deputy Warden ordered Freitag to be placed on a Level III Medical watch.  Deputy Warden Mitchell did not know that Freitag had two prior suicide attempts.  Deputy Warden Mitchell did not know that Freitag had been expressing anxiety about his sentencing.  Freitag returned to his cell which was located on Module B.

On August 25, 2018, Defendants Moody and Young were assigned to B module.  They reported for duty at approximately 6:00 a.m.  Officer Murphy was a special assignment officer on August 25, 2018, meaning he was not assigned to B module that day, but he was there to provide breaks for Officers Moody and Young.  Officers Moody, Murphy, and Young did not know about Freitag's prior suicide attempts.  Officer Murphy had no knowledge of Freitag being placed on any kind of watch prior to the morning of August 25, 2018.

On August 25, 2018, at 9:11 a.m., Freitag left his cell to get his medication and returned to his cell at 9:16 a.m. Officer Murphy arrived on B module at approximately 10:00 a.m. to temporarily relieve Officer Moody. At 10:04 a.m., video evidence shows that Officer Murphy observed Freitag in his cell.  At 10:21 a.m., video evidence shows that Officer Murphy observed Freitag in his cell. At 10:32:19 a.m., video evidence shows that inmate monitor Hugh Caldwell looked into Freitag's cell.  Officer Murphy left B module at 10:40 a.m.  (Plaintiff has agreed to dismiss Murphy from the case after summary judgment was filed.)

At 10:55 a.m., another inmate was walking by Freitag's cell, looked in, and saw Freitag bleeding on the bed. The inmate called to Officers Moody and Young for assistance. Officer Moody went over to Freitag's cell, called into Freitag, and received no response.  Officer Moody

4

told Officer Young to call a medical emergency.  Emergency personnel responded but were unable to provide life-saving medical procedures.

At autopsy, Dr. Ian Hood determined that the cause of death was "incised wounds of arms."  Freitag used a plastic shard from a coffee cup to make the wounds on his forearms which caused him to bleed out. The parties agree that he time that Freitag commenced cutting his arms is unknown and the time Freitag lost consciousness is unknown.

### III.  Witnesses

The following witness may be called to call during their case-in-chief.

### A.  Liability Witnesses

Officer Moody
c/o Archer & Greiner, P.C.
Three Logan Square, 1717 Archer Street, 35th Floor
Philadelphia, PA 19103

Officer Murphy
c/o Archer & Greiner, P.C.
Three Logan Square, 1717 Archer Street, 35th Floor
Philadelphia, PA 19103

Officer Young
c/o Archer & Greiner, P.C.
Three Logan Square, 1717 Archer Street, 35th Floor
Philadelphia, PA 19103

Captain James Nottingham
c/o Archer & Greiner, P.C.
Three Logan Square, 1717 Archer Street, 35th Floor
Philadelphia, PA 19103

Clifton Mitchell
c/o Archer & Greiner, P.C.
Three Logan Square, 1717 Archer Street, 35th Floor
Philadelphia, PA 19103

Dr. Ian Hood or Designee
Montgomery County Coroner
P.O. Box 311
Norristown, PA 19404-0311

Carl Metellus
c/o Archer & Greiner, P.C.
Three Logan Square, 1717 Archer Street, 35th Floor
Philadelphia, PA 19103

Bucks County Detective Hanks or Designee
Bucks County District Attorney
100 N. Main Street, 2nd Floor
Doylestown, PA 18901

Dr. Gregory McDonald
Country Lane - 66 Marple Drive
Philadelphia, Pennsylvania 19115

Peter E. Perroncello
Jail Management Consultants, LLC
45 Misty Meadow Road
Pembroke, MA 02359

Robert  Freitag
c/o Jonathan H. Feinberg, Esquire
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

Employees of Defendant PrimeCare Medical, Inc.

Thomas Weber
c/o  John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

Dr. Abbey Cassidy
c/o  John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

6

Christina Penge
c/o John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

The County Defendants reserve the right to call any witnesses listed by any other party during its case-in-chief.

B.   **DAMAGES**

Marc Weinstein, Registered Forensic Economist
TEAM ECONOMICS
524 Edgewood Drive
Lafayette Hill, PA 19444

Dr. Gregory McDonald
Country Lane - 66 Marple Drive
Philadelphia, Pennsylvania 19115

## II.   Exhibits

| | | | | |
|---|---|---|---|---|
| County Exhibit Number | 1 | 8.23.2017 Freitag Divorce Decree | | Freitag001303 |
| County Exhibit Number | 2 | 9.13.2017  Falls Township Incident Report. | | Freitag 001241 |
| County Exhibit Number | 3 | 6.4.2018 Intake Form Booking | | AGBCC-0000238 |
| County Exhibit Number | 4 | 6.5.2018 PCM  Assessment | | PCM00123 |
| County Exhibit Number | 5 | 6.6.2018 PCM  Assessment | | PCM00129 |
| County Exhibit Number | 6 | PCM  Health Records June-July | | PCM00116 |
| County Exhibit Number | 7 | PCM Health Records August | | PCM00116 |
| County Exhibit Number | 8 | 8.1.2018  Dr. Cassidy to Staff | | PCM01674 |
| County Exhibit Number | 9 | PCM Chart Notes | | PCM00273 |

7

| County Exhibit Number | 10 | PCM Watch Status | PCM00040 |
|---|---|---|---|
| County Exhibit Number | 11 | 8.24.2018 Email between Mitchell and Metellus | JA0000046 |
| County Exhibit Number | 12 | 8.24.2018 Call with Brother | |
| County Exhibit Number | 13 | 8.25.2018 Video 460 starting at 8-13am | AGBCC-00460 |
| County Exhibit Number | 14 | Video 441 starting at 9-13am | AGBCC-00441 |
| County Exhibit Number | 15 | Screenshots of Mr. Freitag's Movement 9_11 to 9_16 | JA000201(a) |
| County Exhibit Number | 16 | Screenshots of Officer Observation at 10_04 am Cell B3 | JA000201(m) |
| County Exhibit Number | 17 | 8.25.201Video 466 starting at 10-13am | AGBCC-00466 |
| County Exhibit Number | 17a | Screenshot of Officer 10_21 am Observation B3 | JA0000202(a) |
| County Exhibit Number | 18 | Moody Training Transcript | JA0000125 |
| County Exhibit Number | 19 | Murphy Training Transcript | JA0000130 |
| County Exhibit Number | 20 | Young Training Transcript | JA0000139 |
| County Exhibit Number | 21 | Policy B-3.23 | JA0000024 |
| County Exhibit Number | 22 | Policy B-4.60 | JA0000027 |
| County Exhibit Number | 23 | Policy  B-4.66 | JA0000035 |
| County Exhibit Number | 24 | 1.30.2017 NCCHC Accreditation Letter | JA0000107 |
| County Exhibit Number | 25 | 3.22.2017 PCM Letter to NCCHC regarding Changes to Policies | JA0000111 |
| County Exhibit Number | 26 | 5.16.2017 NCCHC Accreditation Letter | JA0000065 |
| County Exhibit Number | 27 | 5.30.2017 NCCHC  Letter | JA0000035 |
| County Exhibit Number | 28 | 6.30.2016 NCCHC  Letter and Review | JA0000071 |
| County Exhibit Number | 29 | Inmate Master List | AGBCC-0000132 |
| County Exhibit Number | 30 | Officer Young Incident Report | JA0000355 |

8

| County Exhibit Number | 31 | Officer Moody Incident Report | JA0000357 |
|---|---|---|---|
| County Exhibit Number | 32 | Bucks DA Report 2018-0684 | JA0000720 |
| County Exhibit Number | 33 | 8.27.2018 Autopsy Report | AGBCC-00190 |
| County Exhibit Number | 34 | County Government Sentencing Memorandum | Freitag000457 |
| County Exhibit Number | 35 | C.V. of Dr. Gregory McDonald | |
| County Exhibit Number | 36 | Expert Report of Dr. McDonald | |
| County Exhibit Number | 37 | Expert Report and C. V. of Marc Weinstein | |
| County Exhibit Number | 38 | Expert Report and Disclosures of Peter E. Perroncello | |
| County Exhibit Number | 39 | Visitation Log AGBCC-0000353 | AGBCC-00353 |
| County Exhibit Number | 40 | Module B Activity Log | BUCKS - Freitag 0001 |
| County Exhibit Number | 41 | Alerts AGBCC-0000444 | AGBCC0000124 |
| County Exhibit Number | 42 | 8.24.2018 4.13 pm. | AGBCC0000124 |
| County Exhibit Number | 43 | 8.24.2018 352 pm | AGBCC0000130 |
| County Exhibit Number | 44 | Case Notes | AGBCC-0000351 |
| County Exhibit Number | 45 | OMS Reception 8.24.2018 | |

The parties are in the process of preparing a joint set of exhibits.


**IV.    Stipulations of Counsel**

None.

9

**V.       Objections to Admissibility of Plaintiff's Exhibit Based on Authenticity**

| | |
|---|---|
| Statement of Hugh Caldwell Freitag 1388 – 1389 | There is no evidence that Caldwell prepared this statement nor evidence of how the statement was created. This statement is also inadmissible hearsay. |

**VI.      Objections to Admissibility of Plaintiff's Evidence Expected to be Offered for Any Reason (except relevancy)**

A.      Plaintiff intends to offer evidence of a policy change after this incident regarding sentenced inmates. This evidence is a subsequent remedial measure and inadmissible under Fed. R. Evid. 407 as the evidence will be offered as proof of negligence or culpable conduct.

B.      Plaintiff intends to offer evidence that Freitag's death resulted in loss future earning capacity.  On the date of his death he was 57 years of age. Plaintiff's response to the County Defendants' Motion for Summary Judgment argued that Freitag committed suicide because his conviction would not allow him to return to his former job at the USPS.  Also, on August 24, 2018, after he returning from sentencing, Freitag told his brother that he would "be on social security" by the time he served his sentence.  Thus, Plaintiff should be precluded from putting on evidence of future loss wages.

C.      Plaintiff intends to offer Freitag's past mental health history to prove deliberate indifference on the part of the individual correctional officers and the County. Plaintiff has admitted that the individual officers were unaware of Freitag's past suicide attempts

and mental health history.  Freitag's mental health history should not be offered against the County Defendants.

**VII.    The Adequacy of the Qualifications of an Expert Witness Expected to Testify**

The County intends to object to the scope of Plaintiff's mental health expert, Dr. Mary Perrien.  Dr. Perrien provides opinions regarding the alleged indifference on the part of the named defendant correctional officers.  While she arguably may be qualified to provide opinions on medical care, she is not qualified to provide an opinion on corrections.

**VIII.   Anticipated Important Legal Issues**

A.    Whether the use of an inmate worker to **supplement** observations of inmates on Level III Medical Watch expands a convicted prisoner's constitutional rights under the Eighth Amendment. The answer to this question is **No.**  The Eighth Amendment is not a font of tort law that creates rights that are not imbedded in the Constitution.  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles."  Baker v. McCollan, 443 US 137 , 146 (1979).

**IX.    Length of Trial**

The County Defendants estimate that the entire trial would last between 5 and 7 days.

Dated: July  12, 2022

Jeffrey M. Scott, Esquire
Kerri E. Chewning, Esquire
ARCHER & GREINER
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA  19103
(215) 963-3300
Counsel for Defendants Bucks County,
Correctional Officer Moody, Correctional Officer Murphy,
and Correctional Officer Young

225163574_1

12

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing Pretrial Memorandum was electronically filed with the Court via CM/ECF, and available for viewing.

Dated: July 12, 2022

Jeffrey M. Scott, Esquire
Kerri E. Chewning, Esquire
Alexis M. Way, Esquire
ARCHER & GREINER
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA  19103
(215) 963-3300
Counsel for Defendants Bucks County,
Correctional Officer Moody, Correctional Officer Murphy,
and Correctional Officer Young

13