IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JOSEPH FREITAG, JR., as Administrator of the ESTATE OF CHARLES JOSEPH FREITAG, SR., | : : : | |
| Plaintiff, | : : | Civil No. 2:19-cv-05750-JMG |
| v. | : : | |
| BUCKS COUNTY, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 28th day of June, 2023, upon consideration of Movant's, The *Bucks County Courier Times*, unopposed[1] Motion to Intervene and Unseal (ECF No. 136), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**[2] as follows:

---

[1] On June 8, 2023, after the parties failed to respond to Movant's Motion (ECF No. 136) thirty-five (35) days after the Motion was filed, the Court ordered the parties to file responses by June 15, 2023, or the Court will consider the Motion (ECF No. 136) unopposed. *See* ECF No. 138. As no party has filed a response to Movant's Motion (ECF No. 136), the Court considers the Motion unopposed. Pursuant to the Local Civil Rules, "[i]n the absence of a timely response," a motion "may be granted as uncontested except as provided under Federal Rule of Civil Procedure 56, or otherwise prohibited by law." L. Civ. R. 7.1(c). Here, the parties were afforded opportunity to oppose the Motion. Having received no response or objections, the Court deems the instant Motion unopposed. *See Reilly v. York County*, No. 1:18-cv-01803, ECF No. 98 (M.D. Pa. Aug. 5, 2022) (granting *York Daily Record's* Motion to Intervene and Unseal petition for Court approval of settlement as unopposed after parties failed to submit objections to Motion to Unseal).

[2] On November 3, 2022, the Court, vested with "sound discretion" to seal settlement agreements, granted the parties' joint request to file Plaintiffs' Petition to Settle Wrongful Death and Survival Action under seal, because the parties' agreement contained portions the parties agreed to keep confidential. *P.R. Land & Fruit, S.E. v. Municipio De Culebra*, No. 09-2280, 2018 U.S. Dist. LEXIS 221026 at *17 (D. P.R. Oct. 24, 2018) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 599 (1978)); *see also* ECF No. 134.

On May 4, 2023, Movant, *The Bucks County Courier Times*, "move[d] to intervene in this matter for the limited purpose of seeking an order unsealing the following settlement record: Petition for Court approval of Settlement, filed on Nov. 3, 2022." *See* ECF No. 136.

The Court grants Movant permissive intervention in this action. *See Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 838-40 (D. N.J. 2002) (acknowledging "The Third Circuit has routinely found, as have other courts, that third parties have standing to obtain access to information or judicial proceedings" and holding intervenor newspaper was permitted to intervene "to the extent

1. Movant is permitted to intervene.

2. An UNSEALED copy of Plaintiff's Petition To Settle Wrongful Death And Survival Action (ECF No. 133) will be filed, subject to appropriate redactions of personal identifier information, no later than **July 12, 2023**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

that it seeks to access the settlement agreement" filed in the action) (internal citations omitted).

The Court further grants Movant's motion to unseal Plaintiff's Petition to Settle Wrongful Death and Survival Action and the attachments thereto ("Settlement Petition") (ECF No. 133). As Movant notes, there is a strong common law presumption of access to civil judicial records. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d. Cir. 1986). Judicial records include documents filed with the court, such as settlement records. *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 220 (3d. Cir. 2011). The Court is persuaded, particularly in light of the parties', namely Plaintiff Charles Freitag, Jr., and Defendants Bucks County and PrimeCare Medical, Inc.'s, failure to oppose the instant Motion, that the interest in keeping the Settlement Petition secret does not outweigh the presumption of access to civil judicial records. *Id.* at 221-222 ("[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.") (quoting *In re Cendant Corp.*, 260 F.3d 183, 190 (3d Cir. 2001)). *See also Zeiger v. New Castle Area Sch. Dist.*, No. 04cv1556, 2005 U.S. Dist. LEXIS 45559 at *5 (W.D. Pa. Aug. 31, 2005) (holding party to settlement agreement's failure to respond to intervenor's motion to unseal settlement agreement had "[t]he practical effect of…remov[ing] this Court's original justification for entering a confidentiality order."). Moreover, Movant sufficiently demonstrates the Settlement Petition is in the public interest as this settlement concerns a public entity, and can fairly be said to impact public tax expenditures and the safety of incarcerated individuals. *See Leap Sys*, 638 F.3d at 231 ("we are more likely to require disclosure when 'a party benefitting from the order of confidentiality is a public entity or official,' or when the judicial record 'involves matters of legitimate public concern.'") (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778, 788 (3d. Cir. 1994)). On the other hand, Plaintiff and Defendants have made no showing that their interest in keeping the Settlement Petition confidential, if such interest even remains, outweighs the presumption of public access, particularly in light of the public entity and matters of public concern involved in this settlement. *See Jacobs v. Ctr. For Organ Recovery & Educ.*, No. 1:09-cv-48-SJM, 2012 U.S. Dist. LEXIS 158720 at *10 (W.D. Pa. Nov. 6, 2012) (unsealing petition for settlement approval where "no showing" was made that "Defendants will be subject to embarrassment beyond that which normally occurs when a defendant settles a case."). Accordingly, the Court will unseal Plaintiff's Petition to Settle Wrongful Death and Survival Action and the attachments and exhibits thereto (ECF No. 133) no later than July 12, 2023.