**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES JOSEPH FREITAG, JR., as : | |
| ADMINISTRATOR of the ESTATE OF : | |
| CHARLES JOSEPH FREITAG, SR., : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **No. 2:19-cv-05750** |
| : | |
| BUCKS COUNTY et al. : | |
| : | |
| **Defendants.** : | |
| : | |

**Plaintiff's Petition To Settle**
**Wrongful Death And Survival Action**

Plaintiff Charles Joseph Freitag, Jr., through counsel, respectfully petitions the Court to

enter the attached proposed Order approving the settlement of this action and the requested

distribution of the settlement proceeds.  Plaintiff submits this Petition pursuant to 20 Pa. C.S. §

3323.  Under that statute, this Court has authority to approve the settlement and proposed

distribution.  *See* 20 Pa. C.S. § 3323(b)(1) (authorizing "any court" in which estate's action for

damages "is pending" to approve settlement on petition by estate's representative); *Rodi v.*

*Williams*, No. CV 4:12-1379, 2015 WL 1863006, at *2 (M.D. Pa. Apr. 23, 2015) (approving

settlement for estate and wrongful death beneficiaries).

In support of this Petition, Plaintiff asserts as follows:

1.      Plaintiff Charles Joseph Freitag, Jr., is the son of Charles Joseph Freitag, Sr., who

died at the age of 57 on August 25, 2018.

2.      Plaintiff was appointed Administrator of the Estate of Charles Joseph Freitag, Sr.,

on October 15, 2018, by the Register of Wills of Bucks County. *See* Ex. A.

3.      At the time of his death, Mr. Freitag, Sr., had no Will.  He had no spouse.

Plaintiff Charles Joseph Freitag, Jr., is his only child and, therefore, is the sole heir.  *See* 20 Pa.

C.S. § 2103(1).

4.      On December 6, 2019, plaintiff initiated this action on behalf of the Estate of

Charles Joseph Freitag, Sr., and his heir.  In the lawsuit, plaintiff brought civil rights claims

alleging that the defendants were deliberately indifferent to Mr. Freitag, Sr.'s particular

vulnerability to suicide which, in turn, led to his death by suicide.

5.      Upon the filing of the lawsuit, the parties engaged in extensive litigation

activities, including prolonged discovery, briefing on summary judgment motions, and

preparation for trial.  Shortly before a scheduled trial, the parties entered into settlement

negotiations, and, as a result of those negotiations, the parties reached a final settlement to

globally resolve the case.

6.      As outlined in the attached fully executed releases, the settlement is for the gross

amount of $675,000, payable by two entities as follows:

> a.  On behalf of Bucks County, payment of $337,500, *see* Ex. B;
>
> b.  On behalf of PrimeCare Medical, Inc., payment of $337,500, *see* Ex. C.

7.      Plaintiff, as stated in the attached Declaration, agrees with the terms of the

settlement and believes that those terms constitute an appropriate resolution of this litigation.

*See* Ex. D.

8.      Undersigned counsel is of the professional opinion that the terms of the settlement

are reasonable.  Counsel, whose firm has significant experience in the litigation of civil rights

matters concerning deaths in jails and prisons, believes that the proposed settlement is within the

high range of settlements involving similar facts and legal claims.

9.      For purposes of allocating the settlement proceeds, undersigned counsel requests fees in the amount of $236,250.00, representing 35% of the gross settlement as prescribed in the Attorney Retainer Agreement entered into by plaintiff and counsel.

10.      Counsel has incurred litigation costs for record collection, investigation, deposition transcripts, expert services, and filing fees totaling $31,661.24.  *See* Ex. E.

11.      The Pennsylvania Department of Human Services has notified counsel that it has no lien against this settlement.  *See* Ex. F.

12.      No other creditors have provided notice of claims against the Estate.

13.      Upon the deduction of counsel fees and costs, the net amount payable to the Estate of Charles Joseph Freitag, Sr., and the wrongful death beneficiary is $407,088.76.

14.      Plaintiff requests an allocation of this amount between the wrongful death beneficiary's claims and the Estate's survival claims, as follows:

a.   Wrongful Death Claim: 50% ($203,544.38)

b.   Survival Claim: 50% ($203,544.38)

15.      Counsel believes that this allocation is fair and reasonable based upon previous awards in similar cases, as well as the elements of the damages involved.

16.      The Pennsylvania Department of Revenue has informed counsel that it approves of this proposed allocation.  *See* Ex. G.

17.      Pursuant to the Wrongful Death Statute, 42 Pa. C.S. § 8301, the beneficiary of the decedent, plaintiff Charles Joseph Freitag, Jr., will receive all distribution of funds allocated to the wrongful death claim as compensation for the harm he suffered as a result of the death of Charles Joseph Freitag, Sr.

18.     The amount of the settlement allocated to the survival claim is payable to the Estate of Charles Joseph Freitag, Sr., for administration and ultimate distribution to the intestate heir in accordance with Pennsylvania law and any fees and costs to separate counsel for assistance in the administration of the Estate.

19.     Plaintiff Charles Joseph Freitag, Jr., has reviewed the proposed allocation of the settlement proceeds described above, and as noted in his Declaration, approves of that allocation and requests that the Court approve the settlement and allocations.  *See* Ex. D.

WHEREFORE, Plaintiff Charles Joseph Freitag, Jr., through counsel, respectfully requests that the Court approve the proposed settlement and allocations as set forth in the attached proposed Order.

Respectfully submitted,

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg

/s/ Grace Harris
Grace Harris

KAIRYS, RUDOVSKY, MESSING, FEINBERG
  & LIN LLP
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
(215) 925-4400

DATE: October 28, 2022

# EXHIBIT A

# DONALD PETRILLE, JR., ESQUIRE
## REGISTER OF WILLS OF BUCKS COUNTY, PENNSYLVANIA
### CERTIFICATE OF GRANT OF LETTERS

Estate of:  Charles Joseph Freitag Sr.  (aka Charles J. Freitag )

Late of: Bensalem Township                     File No.: 2018-02982

Date of Death: August 25,  2018               Social Security No.: ███████

**WHEREAS,** the Grant of **LETTERS OF ADMINISTRATION** is required for the administration of the estate;

**NOW, THEREFORE, I, DONALD PETRILLE, JR., ESQUIRE,** Register of Wills in and for the County of Bucks in the Commonwealth of Pennsylvania, hereby certify that I have this day granted **LETTERS OF ADMINISTRATION** to **Charles Joseph Freitag Jr.** who has duly qualified as **Administrator** of the estate of the above-named decedent and has agreed to administer the estate according to law, all of which fully appears of record in my office at Bucks County Courthouse, Doylestown, Pennsylvania.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seal of my office on this 15th day of October, 2018.



Donald Petrille, Jr., Esquire
**Register of Wills**

# EXHIBIT B

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (the "Agreement"), made this _24th_ day of August, 2022, is by and between Charles Joseph Freitag, Jr., as Administrator Of The Estate Of Charles Joseph Freitag, Sr. ("Estate" or "Plaintiff"), and the County of Bucks (the "County").

### RECITALS

**WHEREAS,** The Estate has made certain claims against the County arising out of incident that took place on August 25, 2018 in the case of *The Estate Of Charles Joseph Freitag, Sr. v. County of Bucks et al.*, Civil Action No. 19-cv-05750; and

**WHEREAS,** in order to avoid the costs and uncertainties of litigation, and to settle, resolve, and release any and all disputes and other potential claims and causes of action between them, the Estate and the County have agreed to the terms and conditions set forth below.

**NOW THEREFORE,** The Estate and the County, intending to be legally bound, knowingly and voluntarily, and in consideration of the mutual covenants contained herein, it is hereby agreed as follows:

1.   **Payment.** Within thirty (45) days of the receipt of County Commissioner Approval and Court Approval, whichever is later, the County or its designee will deliver a check payable to Charles Joseph Freitag, Jr., as Administrator of The Estate Of Charles Joseph Freitag, Sr. and Kairys, Rudovsky, Messing, Feinberg & Lin, LLP in the amount of Three Hundred Thirty-Seven Thousand Five Hundred Dollars ($337,500.00). The Estate by and through its representative and their counsel agree that the above-stated amount includes all fees, attorney's fees under 42 U.S.C. Section 1988, and costs and that they will not petition any court for the payment of fees, costs, or any other compensation in connection with the Civil Action.

2.   **Release.** In exchange for the consideration outlined in paragraph one above and elsewhere in this Agreement, which the Estate admits constitutes good and valuable consideration to which it is not already entitled, the Estate does hereby FOREVER RELEASE AND DISCHARGE (1) the County, its governing bodies or Boards, Commissioners, officers, agents, insurers, current and former employees and counsel, and its successors, heirs, assigns, and predecessors (collectively, the "Released Parties"), of any and all claims, charges, causes of action, or liabilities of any nature whatsoever, which he has or may have against any of them, whether known or unknown, from the beginning of time through the date of this Agreement, including but not limited to claims arising from his death, as well as compensatory or consequential damages, liquidated damages, any future punitive damages claims, attorneys' fees, witness fees or costs, including but not limited to any claims which were raised or could have been raised in the Civil Action, and excluding only claims that the Released Parties have breached this Agreement and for damages caused by such breach, or claims that are non-waivable as a matter of law.

3.    **Ending Litigation.** In further consideration of the payment of the Settlement amount, within five (5) business days of receipt of this Agreement, the "Estate" shall take all necessary steps to have this Civil Action" dismissed, with prejudice.

4.    **No Admission of Liability.** By entering into this Agreement, the County of Bucks does not admit, either expressly or by implication, any violation of any law, regulation, or ordinance (whether federal, state, or local), or any validity to the claims made in the Civil Action.

5.    **Confidentiality and Statements to the Media.** As a material term to this Agreement, the parties hereto agree that this Agreement, any and all terms and conditions of this Agreement and the settlement of this Litigation, as well as any and all drafts, outlines of terms, notes files, communications, discussions and/or negotiations relating thereto, shall be kept STRICTLY CONFIDENTIAL. The parties agree that the appointed administrator of The Estate of Charles Joseph Freitag, Sr., or his successor, may disclose the terms with his/her present attorneys, insurance company representatives, accountants and/or tax or financial consultants, state and federal tax authorities or other persons except as may be required by law, provided however, that any such person or entity to whom disclosure is made shall be instructed, in advance, that the information is strictly confidential pursuant to this Release.

6.    **Advice of Counsel.** The representatives of the Estate acknowledge that they have been advised to and did consult with attorney(s) prior to executing this Agreement. The Estate agrees that it has been given a reasonable amount of time within which to consider this Agreement and has executed this Agreement voluntarily and with full knowledge of its significance, meaning, and binding effect. The Estate and the County agree that they participated in the drafting of this agreement and that all parties, counsel, insurance carriers are released from all past and future claims up and until the date that the Agreement is signed.

7.    **No Liens.** The representatives of the Estate represent that they are unaware of any liens or claims against this litigation in favor of any governmental entity, including the Commonwealth of Pennsylvania, the United States Government or any of their departments, divisions or agencies (collectively, the "Governmental Entities). The Estate further confirms that Charles Joseph Freitag, Sr., deceased, was not a Medicare recipient according to the Coordination of Benefits Center and the Social Security. To the extent any liens or claims exist, the Estate agrees that it is solely responsible for reporting the details of this Agreement to the appropriate Governmental Entity or lienholder, as may be required by law. The Estate further agrees that the Estate will solely pay and satisfy any and all liens or claims relating to or arising from the Civil Action and the settlement thereof, and will obtain releases of any such liens or claims.

8.    **Tax Liability.** The Estate agrees that it is solely responsible for any tax liabilities and consequences which may result from the receipt of money under this Agreement, and further agrees that the Released Parties shall bear absolutely no responsibility for such liabilities or consequences. The Estate assumes all obligations to pay taxes, if any, which may be required to be paid as a result of the receipt of money under this Agreement. Further, The Estate agrees that the Released Parties shall not be required to pay any further sum to The Estate, for any reason, as

-2-

part of this Agreement, even if the tax liabilities and consequences to the Estate are ultimately assessed in a fashion which the Estate does not presently anticipate.

9.     **Indemnification.** The Estate agrees to defend, indemnify, and hold harmless the Released Parties, their representatives and agents, and their insurance carriers from all claims asserted by any medical provider, insurance company, taxing authority, or Governmental Entity based on subrogation claims, liens of any kind, or other claims that are asserted in connection with the Civil Action or based on the settlement proceeds.

10.     **Signing and Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any photocopy of the executed original(s) of this Agreement, or of any counterpart, shall be deemed to be an original for any and all purposes.

11.     **Entire Agreement.** This Agreement, constitutes the entire agreement between the Estate and the County, and there are no written or oral understandings, promises, or agreements directly or indirectly related to this Agreement that are not incorporated herein in full. This Agreement may not be modified except in writing signed by the Estate and the County.

12.     **Individuals Bound.** This Agreement shall be binding upon, and inure to, the benefit of Released Parties and the Individual Officers, and their successors and assigns.

13.     **Governing Law.** This Agreement shall be interpreted under the laws of the Commonwealth of Pennsylvania.

14.     **Severability.** If any provision of the Agreement should be determined to be illegal and/or unenforceable by any court of law, the remaining provisions shall be severable and enforceable in accordance with their terms.

**THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK**

THE ESTATE OF CHARLES JOSEPH FREITAG, SR.

Attest:
Dated: _8/24/22_

_Charles Treaty Fr_

Charles Joseph Freitag, Jr. for the Estate of
Charles Joseph Freitag, Sr.

BUCKS COUNTY COMMISSIONERS

_____
Robert J. Harvie Jr., Chair

_____
Diane M. Ellis-Marseglia, Vice Chair

_____
Gene DiGirolamo, Secretary

Attest:

Dated: _____

225408648v2

_____
Gail Humphrey, Chief Clerk

-4-

# EXHIBIT C

## GENERAL RELEASE OF ALL CLAIMS

KNOW ALL PERSONS BY THESE PRESENTS that I, **CHARLES JOSEPH FREITAG, JR., as Administrator of the Estate of Charles Joseph Freitag, Sr.,** (hereinafter "Releasor") intending to be legally bound hereby, and in consideration of the payment of Three Hundred Thirty-seven Thousand Five Hundred Dollars ($337,500.00) and other good and valuable consideration, receipt whereof is hereby acknowledged, have released and forever discharged, and by these presents do for myself, my agents, assigns, heirs, and attorneys hereby release and forever discharge, **PrimeCare Medical, Inc.** and its employees, agents, doctors, nurses, medical assistants, physician assistants, healthcare providers, psychiatrists, psychologists, mental health clinicians, dentists, dental hygienists, and attorneys, and their insurance companies, including but not limited to, **Beazley USA Services, Inc.**, its administrators, personal representatives, successors, agents, assigns, attorneys, officers, directors, workmen, employees and insurers, and all other persons, firms, corporations, associations or partnerships, (hereinafter Releasees) of and from all actions, causes of action, claims, suits, controversies, trespasses, damages, attorneys' fees, judgments, and demands in any form whatsoever, at law or in equity, arising from or by reason of any and all known or unknown, foreseen or unforeseen injuries or damages relating to the incarceration or the medical treatment rendered during the incarceration of Charles Joseph Freitag, Sr. at the Bucks County Correctional Facility from or relating to any of the claims asserted in the case docketed at 2:19-cv-05750-JMG in the United States District Court for the Eastern District of Pennsylvania, which is hereby dismissed with prejudice.

It is understood and agreed that this is the compromise of a disputed claim and that this Release and payment is not to be construed as an admission of liability on the part of the parties

1

released, and that the Releasees deny liability therefore and intend merely to avoid further litigation and buy their peace.

The undersigned hereby declares and represents that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite in making this Release. It is understood and agreed that the undersigned relies wholly upon his judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefor and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician employed by them.

The undersigned declares and represents that no promise, inducement or agreement not stated herein has been made to the undersigned and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

The Releasor declares and expressly warrants that Charles Joseph Freitag, Sr. was not a Medicare beneficiary; was not suffering from end stage renal failure; did not apply for Social Security or Railroad Retirement Board disability benefits and was not permanently and totally disabled. Therefore, no Medicare interest in reimbursement of Medicare benefits is being considered. In the event the above information provided by Releasor is false or in any way incorrect, Releasor shall be solely liable and shall defend, indemnify and hold the Releasees, Releasees' counsel and Beazley USA Services, Inc., harmless for any and all actions, causes of actions, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies.

Releasor agrees to pay and satisfy any and all liens, subrogation claims, or other claims of recovery rights including but not limited to Medicare or Medicaid, for past, existing, and future, known or unknown amounts, arising out of or relating to claims. Releasor agrees to defend, indemnify and hold harmless the Releasees, Releasees' counsel and Beazley USA Services, Inc. from any and all claims, suits, demands, liabilities, and costs, arising from any liens, subrogation claims, or other claims of recovery rights, past and future, known and unknown, including but not limited to Medicare, arising out of or relating to claims

It is further understood and agreed that each and every person, attorney, insurance carrier, entity, healthcare provider, hospital, association or any state or federal governmental agency which claims to have a lien, now or in the future, on the proceeds of this settlement arising out of this incident, lawsuit, or litigation, is aware of this Release and its terms, and I understand that said released parties hereunder are relying expressly upon this unconditional express warranty in making payment hereunder.

In further consideration of the above payment, I do for myself, my agents, assigns, heirs, and attorneys, executors, administrators, successors or assigns, covenant and agree to defend, indemnify and hold harmless the Releasees, their agents, employees, insurance carriers and attorneys from all claims, demands and suits for damages, costs, loss of services, expenses or compensation which I, or my agents, assigns, heirs, and attorneys, executors, administrators, successors, assigns, insurers or any state or federal agency have or may have currently, on account of or in any way growing out Charles Joseph Freitag, Sr.'s incarceration or any medical treatment that had been rendered, or is alleged to have not been rendered, at the Bucks County Correctional Facility.

3

I covenant and promise that neither I, nor anyone on my behalf, will communicate or disclose the terms of this General Release of All Claims to any persons other than my present attorneys, insurance company representatives, accountants and/or tax or financial consultants, state and federal tax authorities or other persons except as may be required by law, provided however, that any such person or entity to whom disclosure is made shall be instructed, in advance, that the information is strictly confidential pursuant to this Release. For all other purposes, we will indicate only that this matter has been "resolved." Further, any court filings, other than the filing of a Rule 41 dismissal, will be made under seal so that any reviews of court records will not in any way disclose the terms of the settlement.

If the terms of this settlement are publicized in any way to any individual or entity contrary to the above paragraph, the non-publicizing parties will have a cause of action against the person who publicized any information concerning the settlement. The non-publicizing parties will be entitled to be reimbursed the full settlement amount and interest (if the violation is applicable to Plaintiff), attorney's fees associated with any litigation past, present or future against the party who publicizes any terms of this settlement. It is further agreed that venue for any said action is appropriate in the Court of Common Pleas of Dauphin County.

In exchange for Releasor's foregoing agreement, Releasees and their attorneys agree that, except as otherwise required by specific court order, statute or other binding requirement of law, they will keep confidential any and all information obtained in this litigation, including all investigations, mediations, and settlement negotiations relating to Releasor and his claim. While Releasees and Releasor represent that this agreement would not have been consummated absent the foregoing confidentiality covenants, Releasees and Releasor acknowledge that no portion of

the settlement amount represents consideration for the mutual promise to maintain strict confidentiality of all the terms of this agreement. Rather, the Releasees and Releasor expressly have agreed that each other's reciprocal confidentiality covenant is the sole consideration given in exchange for that of the other.

**THE UNDERSIGNED HAVING BEEN REPRESENTED BY COUNSEL HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

IN WITNESS WHEREOF, and intending to be legally bound, I have hereunto set my hand and seal this 24 day of August , 2022.

_____
Witness

LEGAL/147984576.v1

_____
CHARLES JOSEPH FREITAG, JR.,
As Administrator of the Estate of
Charles Joseph Freitag, Sr.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES JOSEPH FREITAG, JR., as** | : | |
| **ADMINISTRATOR of the ESTATE OF** | : | |
| **CHARLES JOSEPH FREITAG, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 2:19-cv-05750** |
| | : | |
| **BUCKS COUNTY et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## DECLARATION OF CHARLES JOSEPH FREITAG, JR.

Pursuant to 28 U.S.C. § 1746, I, Charles Joseph Freitag, Jr., declare under penalty of perjury, as follows:

1.      I am the son of Charles Joseph Freitag, Sr., who died on August 25, 2018, at the age of 57.

2.      I was appointed as the Administrator of the Estate of Charles Joseph Freitag, Sr., by the Bucks County Register of Wills.  I understand that with that appointment, I have a responsibility to protect the legal interests of the Estate and of my interests as my father's heir.

3.      In my role as Administrator of the Estate, I sought to retain counsel to pursue litigation concerning the circumstances of my father's death.  I signed an agreement retaining my attorney and agreeing to pay my attorney a contingent fee equal to 35% of any financial recovery.  I also agreed to reimburse my attorney for any out-of-pocket expenses incurred.

4.      Based on my attorney's advice, I decided to file a civil rights lawsuit in this Court.  After the case was started, I closely followed the litigation and remained in frequent contact with my attorney concerning the progress of the case.

5.      When my attorney advised that the case could be settled, I consulted with my attorney about the range of possible results if the case were to go to trial. I understand that my attorney negotiated with lawyers for the defendants in the case. On August 10, 2022, I informed my attorney that I agreed to accept the settlement offer made by the defendants. I have since signed two settlement releases confirming the agreement. I believe that the settlement amount is a fair and appropriate result in this case.

6.      My attorney has provided me with a chart showing the proposed distribution of the settlement funds, including payment of contingent attorney's fees and reimbursement for my counsel's costs. I believe that the distribution of the settlement funds presented by my attorney is fair and appropriate and is consistent with the retainer agreement I signed.

7.      My attorney has explained to me the allocation of the settlement proceeds between wrongful death funds and survival funds. I have reviewed the allocation proposed by my attorney, and I believe that the allocation is fair and appropriate in this case.

8.      Based on all of the above, I request that the Court grant the request for approval of the settlement in this case and the that the Court approve the proposed distributions and allocation of the settlement funds.

Executed this ____21st____ day of October, 2022.

Charles Joseph Freitag, Jr.

2

# EXHIBIT E

9:29 AM
07/11/22
Accrual Basis

# Kairys, Rudovsky, Messing, Feinberg & Lin, LLP
## Find Report
### All Transactions

| Type | Date | Num | Name | Memo | Account | Clr | Split | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Check | 06/22/2022 | 16991 | Confidential nvestigative Services nc | Charles Freitag/ nv PER05601 | Business Checking | | Litigation | -675.50 | -675.50 |
| Check | 05/18/2022 | 16633 | Tim Gravette | Freitag | Business Checking | | Litigation | -750.00 | -1,425.50 |
| Check | 05/04/2022 | 16609 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 14608 | Business Checking | | Litigation | -412.70 | -1,838.20 |
| Check | 02/02/2022 | 16458 | Tim Gravette | Freitag | Business Checking | √ | Litigation | -3 187.50 | -5 025.70 |
| Check | 12/17/2021 | 16337 | Kris L Sperry M D | Charles Freitag | Business Checking | √ | Litigation | -2,500.00 | -7,525.70 |
| Check | 12/10/2021 | 16376 | Tim Gravette | Freitag | Business Checking | √ | Litigation | -2,500.00 | -10,025.70 |
| Check | 06/23/2021 | 15985 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 8381 | Business Checking | √ | Litigation | -210.80 | -10,236.50 |
| Check | 06/21/2021 | 16114 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 8245 | Business Checking | √ | Litigation | -244.90 | -10,481.40 |
| Check | 06/02/2021 | 16086 | Kaplan Leaman & Wolfe | Freitag/ nv 7727 | Business Checking | √ | Litigation | -257.30 | -10,738.70 |
| Check | 06/02/2021 | 16087 | Kaplan Leaman & Wolfe | Freitag/ nv 7730 | Business Checking | √ | Litigation | -288.30 | -11,027.00 |
| Check | 06/02/2021 | 16088 | Kaplan Leaman & Wolfe | Freitag/ nv 7733 | Business Checking | √ | Litigation | -325.50 | -11,352.50 |
| Check | 05/25/2021 | 16063 | Kaplan Leaman & Wolfe | Freitag/ nv 7711 | Business Checking | √ | Litigation | -266.60 | -11,619.10 |
| Check | 05/25/2021 | 16066 | Kaplan Leaman & Wolfe | Freitag/ nv 7714 | Business Checking | √ | Litigation | -207.70 | -11,826.80 |
| Check | 05/25/2021 | 16067 | Kaplan Leaman & Wolfe | Freitag/ nv 7708 | Business Checking | √ | Litigation | -471.20 | -12,298.00 |
| Check | 05/18/2021 | 16053 | Kaplan Leaman & Wolfe | Freitag/ nv 7179 | Business Checking | √ | Litigation | -232.50 | -12,530.50 |
| Check | 05/18/2021 | 16054 | Kaplan Leaman & Wolfe | Freitag/ nv 7176 | Business Checking | √ | Litigation | -412.30 | -12,942.80 |
| Check | 04/20/2021 | 16005 | Kaplan Leaman & Wolfe | Freitag/ nv 6681 | Business Checking | √ | Litigation | -685.10 | -13,627.90 |
| Check | 03/30/2021 | 15957 | Kaplan Leaman & Wolfe | Freitag/ nv 3845 | Business Checking | √ | Litigation | -75.00 | -13,702.90 |
| Check | 03/16/2021 | 15948 | Mary Perrien Ph D | Freitag | Business Checking | √ | Litigation | -1,000.00 | -14,702.90 |
| Check | 03/02/2021 | 15929 | Confidential nvestigative Services nc | Charles Freitag/ nv PER05434 | Business Checking | √ | Litigation | -591.25 | -15,294.15 |
| Check | 03/01/2021 | 15904 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5545 | Business Checking | √ | Litigation | -217.50 | -15,511.65 |
| Check | 03/01/2021 | 15905 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5542 | Business Checking | √ | Litigation | -775.00 | -16,286.65 |
| Check | 03/01/2021 | 15906 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5539 | Business Checking | √ | Litigation | -880.40 | -17,167.05 |
| Check | 03/01/2021 | 15907 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5548 | Business Checking | √ | Litigation | -118.90 | -17,285.95 |
| Check | 03/01/2021 | 15908 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5551 | Business Checking | √ | Litigation | -156.60 | -17,442.55 |
| Check | 03/01/2021 | 15909 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5554 | Business Checking | √ | Litigation | -87.00 | -17,529.55 |
| Check | 03/01/2021 | 15914 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 5357 | Business Checking | √ | Litigation | -150.00 | -17,679.55 |
| Check | 02/02/2021 | 15861 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 4898 | Business Checking | √ | Litigation | -324.50 | -18 004.05 |
| Check | 02/02/2021 | 15862 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 4895 | Business Checking | √ | Litigation | -283.20 | -18,287.25 |
| Check | 02/02/2021 | 15866 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 4994 | Business Checking | √ | Litigation | -399.90 | -18,687.15 |
| Check | 02/02/2021 | 15867 | Kaplan Leaman & Wolfe | Charles Freitag/ nv 4991 | Business Checking | √ | Litigation | -368.90 | -19,056.05 |
| Check | 01/05/2021 | 15798 | Confidential nvestigative Services nc | Charles Freitag/ nv PER05407 | Business Checking | √ | Litigation | -411.00 | -19,467.05 |
| Check | 07/23/2020 | 15606 | Verizilli & Consultants nc | Charles Freitag/ nv 20214 | Business Checking | √ | Litigation | -1,750.00 | -21,217.05 |
| Check | 12/05/2019 | 15256 | Clerk - US District Court | Freitag | Business Checking | √ | Litigation | -400.00 | -21,617.05 |
| Check | 07/10/2019 | 15002 | Cheryl Willis M D | Freitag & Quinn | Business Checking | √ | -SPL T- | -4,500.00 | -26,117.05 |
| Check | 05/15/2019 | 14916 | Jeffrey L Metzner M D | Charles Freitag | Business Checking | √ | Litigation | -5,000.00 | -31,117.05 |

9:29 AM
07/11/22
Accrual Basis

## Kairys, Rudovsky, Messing, Feinberg & Lin, LLP
### Find Report
#### All Transactions

| Type | Date | Num | Name | Memo | Account | Clr | Split | Amount | Balance |
|------|------|-----|------|------|---------|-----|-------|--------|---------|
| Check | 01/10/2019 | 14708 | County of Bucks | Freitag | Business Checking | √ | Litigation | -406.25 | -31,523.30 |
| Check | 11/15/2018 | 14576 | PrimeCare Medical  nc | Charles Freitag | Business Checking | √ | Litigation | -137.94 | -31,661.24 |
| **Total** | | | | | | | | **-31,661.24** | **-31,661.24** |

# EXHIBIT F



September 29, 2022


JONATHAN FEINBERG
KAIRYS RUDOVSKY
718 ARCH STREET
SUITE 501 SOUTH
PHILADELPHIA PA  19106


Re: Charles Freitag Sr
SSN: ██████████


Dear Jonathan H. Feinberg:

Pursuant to your letter dated September 02, 2022, the Department of Human Services (DHS), Third Party Liability (TPL) - Casualty Unit, has reviewed the information you provided regarding the above-referenced individual.

Based on this information, we have no record of this individual receiving medical and/or cash benefits at this time.  Therefore, the Department's TPL - Casualty Unit has no claim on this individual.

**If your client applies for medical assistance at a later date or currently has an application pending, please advise us and provide any additional information that may affect a recovery by our department.**

If this case has already settled, in the event you bring any action against another party that may result in further recovery, you must comply with the statutory notice requirement pursuant to §1409(b)(5), as the Department reserves its right to seek recovery of medical claims we paid related to this incident.

Please contact DHS within thirty (30) days of settlement or thirty (30) days prior to a hearing regarding damages for this incident so that DHS can determine if there is a claim at that time.

If you have any questions, please feel free to contact me.

Sincerely,


Third Party Liability Recovery Unit
1-866-850-8117
717-772-6553 FAX

# EXHIBIT G

REV mL018 2



**pennsylvania**
DEPARTMENT OF REVENUE
HARRISBURG PA  17128-2005

|||·|···||·|||··||·|||·|||··||·||·||··|||·||·|···||·||·||||||

KAIRYS, RUDOVSKY, MESSING, FEINBERG &
LIN LLP
JONATHAN H. FEINBERG, ESQUIRE
718 ARCH ST STE 501
PHILADELPHIA PA  19106-1530

| | |
|---|---|
| Date Issued | 11/03/2022 |
| Letter ID | L0013181386 |
| Case Number | 0 004 137 084 |

**Wrongful Death Survival Action Allocation**

The Pennsylvania Department of Revenue received the Petition for Approval of Settlement Claim to be filed on behalf of the below-referenced estate in regard to a Wrongful Death and Survival Action. It was forwarded for the approval of allocated proceeds paid to settle the actions.

According to the petition, the decedent died as a result of medical negligence. The decedent is survived by his adult child. The decedent was 57 years old.

**Account Information**

Estate of: FREITAG, CHARLES J                              File Number: 0918-2982

**Departmental determination**

If you have any questions regarding this matter, please direct them using the contact information listed below.

Carolyn Dymond
(717) 787-8327

Please be advised that, based upon these facts and for Inheritance Tax purposes only, the department has no objection to the proposed allocation of the gross proceeds of this action:

  Wrongful Death Claim: $337,500.00
  Survival Action Claim: $337,500.00

Proceeds of a Survival Action are an asset included in the decedent's estate and are subject to the imposition of Pennsylvania Inheritance Tax (42 Pa. C.S.A. § 8302) (72 P.S. §§ 9106, 9107). Costs and fees must be deducted in the same percentages as the proceeds are allocated (*Estate of Merryman*).

As the department has no objections to the petition, an attorney from the Pennsylvania Department of Revenue will not be attending any hearing regarding it.

Please use the contact information provided above if you or the Court have any questions or requires anything additional from this bureau.

**References**                              In re Estate of Merryman, 669 A.2d 1059 (Pa. Cmwlth. Ct. 1995)